UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                Case No. 19-46824

MARK M. BELLO,                                        Chapter 13

       Debtor.                                    Judge Thomas J. Tucker
_____/

**OPINION REGARDING THE DEBTOR'S MOTION
TO CONVERT THIS CASE TO CHAPTER 11**

This case is before the Court on the Debtor's motion to convert this case to Chapter 11, filed December 27, 2019 (Docket # 89, the "Motion"). An objection to the Motion (Docket # 99, the "Objection") was filed on January 13, 2020, by creditors Judith Michaelian, individually and in her capacity as personal representative of the Estate of Marshall S. Michaelian (collectively, the "Michaelian Parties"). No other objections to the Motion were timely filed.

The Court concludes that a hearing on the Motion is not necessary, and that the Motion should be granted, for the following reasons.

The Michaelian Parties object to the Motion on the ground that the Debtor is guilty of bad faith and dishonesty, in several particular ways. The Michaelian Parties made these same or similar arguments in previously objecting to the Debtor's proposed Chapter 13 plan.

The Court has discretion to deny a debtor's motion to convert to Chapter 13 or to Chapter 11, if the Court finds bad faith or dishonesty by the debtor. As this Court noted in *In re Abuali*, No. 19-46202, 2019 WL 7580138 (Bankr. E.D. Mich., November 26, 2019),

> In *Marrama* [*v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007)], the Supreme Court held that a bankruptcy debtor's right under 11 U.S.C. § 706(a) to convert from Chapter 7 to Chapter 13 is not absolute. Rather, the Court held that the bankruptcy court can deny conversion if the debtor has acted in bad faith before

> seeking to convert, either during the Chapter 7 case or before the
> bankruptcy case. *See also In re Copper*, 426 F.3d 810, 814-16 (6th
> Cir. 2005) (a pre-*Marrama* case); *In re Sammut*, 486 B.R. 404,
> 407-08 (Bankr. E.D. Mich. 2012) (discussing and applying
> *Marrama*).

2019 WL at *1 (footnote omitted). While the *Marrama* case concerned a debtor's motion to convert from Chapter 7 to Chapter 13, this Court has held that *Marrama's* holding and reasoning applies as well to a motion to convert to Chapter 11. *See In re Sammut*, 486 B.R. 404, 408 (Bankr. E.D. Mich. 2012) and cases cited therein. But under *Marrama*, this Court's authority to deny conversion due to bad faith is discretionary, not mandatory. *See Abuali* at *2.

In the exercise of its discretion in this case, the Court will not deny the Debtor the right to convert this case to Chapter 11, on the basis of any of the bad faith and dishonesty alleged by the Michaelian Parties. Rather, the Court will leave the determination of those allegations to a later date, in the Chapter 11 case. The Court will convert this case to Chapter 11 now, thereby promptly removing the case from Chapter 13, where it does not belong, and thereby promptly terminating the services of the Chapter 13 Trustee. Then after conversion to Chapter 11, the Michaelian Parties, if they wish, may move for dismissal of the case or conversion of the case to Chapter 7, and/or object to confirmation of a Chapter 11 plan, based on their allegations of bad faith and dishonesty.

The Court telegraphed that this would be its approach, in its written opinion filed in this case on December 13, 2019 (Docket # 83, the "December 13, 2019 Opinion").[1] In that opinion, the Court determined that the Debtor is not eligible to be a debtor in Chapter 13. The Court further ruled that among the possible options then open to the Debtor, the Debtor could convert

---

[1] That opinion is reported at __ B.R. __, 2019 WL 6826007.

this case to Chapter 11, by timely filing a motion to convert the case. The Court declined, for now at least, the request by the Michaelian Parties for dismissal of this bankruptcy case. The Court reiterates the following ruling and reasoning now:

> Normally, having found the Debtor ineligible for Chapter 13, the Court would allow the Debtor to choose which alternative route to take. But in the rather unusual circumstances of this case, the Court has found that the Debtor did not act in good faith in the way he listed his debt to the Michaelian Parties in his Schedule E/F. And the Michaelian Parties have alleged that the Debtor did not act in good faith in filing this bankruptcy case, and that the Debtor has acted in bad faith and has been dishonest in additional ways, all of which, they say, justifies dismissal of this case.
> . . .
>
> In this case, the Court has not held an evidentiary hearing to determine the validity of all of the creditor's charges of bad faith and dishonesty. It may be necessary to do so in the future, for example, if this case continues under Chapter 7 or 11. But the Court concludes that the bad faith the Court has identified in this Opinion, and the other bad faith and dishonesty that the Michaelian Parties have accused the Debtor of, are such that the Court, in its discretion, will not deprive the Debtor of the right to first choose, within 14 days, among the three options: conversion to Chapter 11; conversion to Chapter 7; or dismissal.
> . . .
>
> If the Debtor chooses conversion to another chapter, the Michaelian Parties may reassert their charges of bad faith and dishonesty in seeking appropriate relief in the new chapter, and the Debtor may defend against any such charges.

(December 13, 2019 Opinion at 11-12).

For the reasons stated in this Opinion, the Court will enter an order granting the Debtor's Motion, and converting this case to Chapter 11.

3

**Signed on January 15, 2020**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**