UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 19-46824

MARK M. BELLO,                                  Chapter 11

        Debtor.                                Judge Thomas J. Tucker
_____/

**ORDER SETTING THE AMOUNT OF FEES AND EXPENSES THAT MUST BE PAID BY THE MICHAELIAN PARTIES BASED ON THE COURT'S FEBRUARY 13, 2020 ORDER, FOR THEIR VIOLATION OF THE AUTOMATIC STAY**

      This case came before the Court for a hearing on January 29, 2020, on the Debtor's motion entitled "Debtor's Motion for Order Finding Creditors Judith Michaelian and the Estate of Marshall S. Michaelian in Violation of the Automatic Stay," filed on December 9, 2019 (Docket # 78, the "Motion"). Counsel for the Debtor; counsel for the creditors, Judith Michaelian and the Estate of Marshall S. Michaelian (the "Michaelian Parties"); and counsel for the United States Trustee appeared at the hearing.

      During the hearing, the Court made certain rulings regarding the Motion, but did not fully decide the Motion. For the reasons stated by the Court on the record during the January 29, 2020 hearing, the Court entered an Order on January 30, 2020 (Docket # 112), which made certain findings and conclusions, and ordered certain further briefing by the parties. After the completion of that briefing, the Court filed an opinion and entered an order on February 13, 2020 (Docket ## 120, 122). In the February 13, 2020 Order (Docket # 122), the Court granted the Debtor's Motion, in large part, and ordered certain relief.

      As part of the relief ordered, the Court ordered the following:

> Under 11 U.S.C. § 362(k)(1), the Debtor, Mark M. Bello, is entitled to an order requiring the Michaelian Parties, jointly and severally, to pay the reasonable attorney fees and expenses incurred by the Debtor in filing and prosecuting the Motion in this Court, and any reasonable attorney fees and expenses incurred by the Debtor in the District Court Case[1] because of the Receivership

---

[1] As used in the February 13, 2020 Order and in this Order, the "District Court Case" means the case of *Judith Michaelian and Estate of Marshall S. Michaelian v. Lawsuit Financial, Inc. and Mark M. Bello*, Case No. 2:17-cv-13321-TGB-MKM (United States District Court for the Eastern District of Michigan).

>Motion.[2]
>
>Under 11 U.S.C. § 362(k)(1), the Court will not award to the Debtor any other alleged actual damages, and the Court will not award to the Debtor any punitive damages, for the wilful violation of the automatic stay by the Michaelian Parties.
>
>In order for the Court to determine the amount of fees and expenses to be awarded under paragraph 4 of this Order, the procedures under L.B.R. 7054-1 (E.D. Mich.) will apply.

February 13, 2020 Order (Docket # 122) at 2, ¶¶ 4-6 (footnote omitted and footnotes added).

On March 2, 2020, the Debtor filed a fee and expense itemization for the counsel representing the Debtor in this bankruptcy case, Wolfson Bolton PLLC ("Wolfson Bolton") (Docket # 134), and a fee itemization for the counsel representing the Debtor and the Debtor's company, Lawsuit Financial, Inc., in the District Court Case, Kickham Hanley PLLC ("Kickham Hanley") (Docket # 133).

The Debtor contends that the fees and expenses reflected in these itemizations represent, in the words of the February 13, 2020 Order, "the reasonable attorney fees and expenses incurred by the Debtor in filing and prosecuting the Motion in this Court, and [the] reasonable attorney fees and expenses incurred by the Debtor in the District Court Case because of the Receivership Motion." These fees are in the amount of $4,912.50 plus expenses of $4.05 for Wolfson Bolton, plus fees of $3,437.50 for Kickham Hanley. The Debtor seeks an order requiring the Michaelian Parties to pay these amounts, which total $8,354.05.

On March 17, 2020, the Michaelian Parties filed objections to each of the fee itemizations. (Docket ## 148, 149).

The Court has reviewed the Debtor's itemizations and the objections of the Michaelian Parties, and will now rule on this matter.

The Court finds that each of the arguments by the Michaelian Parties in their objections is without merit. The Court overrules the objections in their entirety.

The Court finds that there is no basis for suggesting that the Debtor failed to mitigate his damages (*i.e.*, his attorney fees at issue).

---

[2] As used in the February 13, 2020 Order, and in this Order, the "Receivership Motion" means the motion for the appointment of a receiver of Lawsuit Financial, Inc. that was filed by the Michaelian Parties in the District Court Case on December 4, 2019 (Docket # 88 in the District Court Case).

The Court further finds that the hourly rates reflected in the fee itemizations ($265 per hour for 2019 and $285.00 per hour for 2020 for attorney Michelle Bass; $175.00 per hour for law clerk Vonica Sallen; and $275.00 per hour attorney Edward F. Kickham, III) all are reasonable hourly rates. And the Court finds that all of the attorney and law clerk time reflected in the itemizations is a reasonable amount of time for the tasks performed, and that all of the tasks performed as reflected in the itemizations were reasonable and necessary under the circumstances, and were reasonably incurred by the Debtor in filing and prosecuting the Motion in this Court, and reasonably incurred by the Debtor in the District Court Case, all because of the Receivership Motion. And the only expense involved, $4.05, is both reasonable and not objected to.

The "lodestar" fee amount, therefore, is equal to the total amounts reflected in the itemizations, namely a reasonable fee totaling $4,912.50 for Wolfson Bolton, and a reasonable fee totaling $3,437.50 for Kickham Hanley. The total of these fees, *i.e.*, $8,350.00, is a reasonable total fee.

Accordingly,

IT IS ORDERED that no later than June 5, 2020, the Michaelian Parties must pay to the Debtor, c/o of Debtor's counsel Wolfson Bolton, the sum of $8,354.05 ($8,350.00 in fees for the two firms plus $4.05 in expenses for Wolfson Bolton). To facilitate the Debtor's ability to collect this sum, the following judgment is entered.

IT IS FURTHER ORDERED that judgment is entered in favor of the Debtor and against Judith Michaelian and the Estate of Marshall S. Michaelian, jointly and severally, in the amount of $8,354.05.

IT IS FURTHER ORDERED that if and to the extent this sum is not paid in full on or before June 5, 2020, then beginning immediately thereafter, the unpaid sum may be collected by any means normally available under the law for collecting money judgments entered by this Court.

**Signed on May 22, 2020**



/s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**